United States Courts
Southern District of Texas
FILED

*September 28, 2022*

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | Criminal No.: |
| Plaintiff | § | |
| | § | |
| v. | § | **4:22-cr-471** |
| | § | |
| Emmanuel Finnih, | § | |
| Defendant | § | |

## Indictment

The Grand Jury Charges that:

## Count 1
### (18 U.S.C. 641 – Theft of Government Funds and
### 18 U.S.C. 2 – Aiding and Abetting)

### A.    At all material times:

1.    The United States Department of Education (USDE) is a cabinet agency of the United States established to ensure equal access to education and to promote education throughout the United States.  One of the primary responsibilities of the USDE is oversight and administration of the Federal Student Aid (FSA) Program authorized by the Higher Education Act of 1965 to assist qualified students in obtaining post-secondary education.

2.     The USDE operates, administers, and regulates various FSA programs, including the Federal Direct Loan and Federal Pell Grant programs.

3.     Since June 2010, the Federal Direct Loan Program has been the primary source of student loans.  Education loans obtained through the Federal Direct Loan Program are made directly from the USDE to students and are administered by the USDE.  Students eligible for such federal student loans must complete a Master Promissory Note (MPN), which in part certifies that the applicant will use the funds for educational purposes and agrees to the repayment of the loans.

4.     Students apply for federal financial aid by completing a Free Application for Federal Student Aid (FAFSA) in electronic format and are required within the FAFSA to provide personal information, including the applicant's name, date of birth, social security number, address, email address, telephone number, education history, and asset and income information.

5.     Under the FSA programs, students must meet certain criteria to be eligible to receive federal financial aid, including signing a statement on the FAFSA form stating that the federal student aid will

only be used for educational purposes. Additionally, USDE regulations require, in part, that the student meet the following additional criteria in order to be eligible for federal financial aid:

  a.   Enrolled, or accepted for enrollment, in an eligible institution;

  b.   Enrolled in an eligible program seeking a degree or certificate;

  c.   Not incarcerated in a federal or state penal institution;

  d.   Has a high school diploma or its recognized equivalent; and

  e.   Maintains satisfactory academic progress in a course of study according to the institution's published standards of satisfactory progress.

6.    Information provided by an applicant on the FAFSA form is used to calculate an applicant's Expected Family Contribution (EFC) towards the cost of the college. Financial Aid Administrators at the applicant's school of choice then determine the applicant's need for

federal student aid from the USDE and other sources of assistance by subtracting the EFC from the student applicant's cost of attendance.

7.    Prior to completing a FAFSA, an applicant is first required to request a user ID and password, called a Federal Student Aid Identification (FSAID), through a website sponsored by the USDE. The FSAID is unique and assigned solely to the applicant. The FSAID is used to identify the applicant in online transactions pertaining to federal financial aid. Each applicant uses the FSAID to, among other things, access his or her federal student aid information online and to sign the FAFSA and other financial aid documents electronically. The FAFSA includes an explicit warning that use of an assigned FSAID for electronic signature or any other purpose constitutes a certification that (1) the user of the FSAID is the person actually assigned to it; and (2) that the user has not disclosed the FSAID to any other person or authorized its use by any other person.

8.    All schools that receive FSA program funds obtain the funds through the USDE's G5 payment system (G5). The school requests financial aid funds from the USDE and G5 deposits the funds in the

school's designated Title IV bank account(s).  The school then credits the funds to the student's financial aid account.

9.    If the amount of federal financial aid received by the school exceeds the cost of attendance for a particular student, thereby creating an FSA credit balance, the school must pay the credit balance directly to the student.  Payment of a credit balance to the student is often called a Title IV refund or credit refund.  Credit refunds are disbursed to the student via check, direct deposit, or through a third-party servicer who uses pre-paid debit cards which are mailed to the address provided by the student during time of enrollment.

10.    Funds received by a student under the FSA Programs must be used for an educational purpose and can be used to satisfy tuition and fees charged by the institution and for other expenses incurred by a student pursuing an education program, such as books, supplies, transportation, and living expenses.

11.    Applicants completing the FAFSA acknowledge that any false statement or misrepresentation on the FAFSA may be punished as a criminal offense.

12.     Only institutions approved by the USDE are permitted to participate in federal financial aid programs, and to disburse federal financial aid to students.

13.     Houston Community College (HCC), Lone Star College (LSC), and Texas Southern University (TSU) were educational institutions located in Houston, Texas, that were accredited to receive federal financial aid.

14.     Blinn College (BC) was an educational institution located in Brenham, Texas, that was accredited to receive federal financial aid.

15.     Tarrant County College District (TCCD) was an educational institution located in Fort Worth, Texas, that was accredited to receive federal financial aid.

16.     Wharton County Junior College (WCJC) was an educational institution located in Wharton, Texas, that was accredited to receive federal financial aid.

17.     Lee College (LC) was an educational institution located in Baytown, Texas, that was accredited to receive federal financial aid.

18.     Austin Community College (ACC) was an educational institution located in Austin, Texas, that was accredited to receive federal financial aid.

19.     The defendant, **EMMANUEL FINNIH** (**FINNIH**), a resident of Houston, Texas and surrounding areas, was an employee of TSU.

20.     From 2017 through present, **FINNIH**, aiding and abetting others both known and unknown to the grand jury and being aided and abetted by others both known and unknown to the grand jury, submitted applications for admission and enrollment for approximately 32 individuals with HCC, LSC, TSU, BC, TCCD, WCJC, LC, and ACC using fraudulent and stolen personal identifiers, including, but not limited to, names, dates of birth, social security numbers, and electronic signatures, in addition to false background information regarding these individuals.

21.     To unlawfully obtain the federal financial aid funds intended to be used for educational purposes, **FINNIH** used the names, social security numbers, dates of birth, driver's licenses, and identification cards and numbers of individuals, including alterations of such information in some instances, in order to obtain FSAIDs, and to prepare,

submit, and sign false and fraudulent FAFSAs and MPNs in their names, which he transmitted electronically to the USDE. **FINNIH** made false certifications to the USDE both when obtaining the FSAIDs and when submitting the FAFSAs and MPNs.

22.    In some cases, **FINNIH** recruited individuals to provide him with their personal identifiers and in other cases he utilized the personal identifiers of unwitting individuals without their knowledge or consent. In at least one instance, the individual was incarcerated at the time **FINNIH** submitted falsified FAFSA forms in the individual's name.  In order to further his unlawful activities, **FINNIH** sometimes altered the names of female individuals to appear masculine so that he could use forms of identification bearing their names but **FINNIH**'s picture.

23.    **FINNIH** utilized a common set of mailing addresses, telephone numbers, and IP addresses that were controlled by him, or people closely associated with him, in order to prepare false FAFSAs, MPNs, school applications, supporting documents, and bank accounts. **FINNIH** utilized mailing addresses, telephone numbers, and email accounts he controlled on the FAFSAs, thereby ensuring that the USDE and schools would send any communications directly to him.

24.    **FINNIH** enrolled the individuals in whose names he submitted false and fraudulent FAFSAs and MPNs in online educational institutions and/or academic courses at the approved schools and submitted federal financial aid application information to the educational institutions.  Most of the individuals enrolled in this manner did not attend or participate in these educational programs and either failed or were withdrawn from the academic courses.

25.    **FINNIH** created numerous false documents and submitted them in support of the fraudulent applications, including, but not limited to, false college transcripts, hospital discharge forms, medical bills and letters, homeschool records, driver's licenses, and temporary driver's permits.  In several cases, the fabricated supporting documentation that **FINNIH** submitted on behalf of different individuals were identical.

26.    From 2017 through present, **FINNIH** obtained federal financial aid refunds issued under the names of approximately 32 individuals via electronic transfer, check, and prepaid debit cards sent either to a mailing address or to a bank account designated by him. Specifically, **FINNIH** facilitated the creation of online banking accounts with Bank Mobile in order to deposit financial aid refunds for

approximately 11 individuals.  These accounts had Bank Mobile cards mailed to addresses associated with **FINNIH**. **FINNIH** also designated various bank accounts at Wells Fargo Bank and JPMorgan Chase Bank that he controlled for depositing these individuals' financial aid refunds. **FINNIH** personally withdrew from ATM machines some of the funds intended as educational assistance.

27.     On or about the dates referenced below, **FINNIH** submitted fraudulent FAFSA applications and obtained FSA funds on behalf of the listed individuals by falsely certifying that the individual was enrolled in an approved school and that the funds would be used for educational purposes.  During the years referenced below, USDE issued FSA funds totaling the listed amounts, and **FINNIH** received the funds for his own personal benefit.

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|---|---|---|---|---|
| A.A. | TSU | 6/14/2017 | 2017-2018 | $18,420.00 |
|      | TSU | 8/12/2018 | 2018-2019 | $4,572.00 |
| A.C. | HCC | 7/1/2017 | 2017-2018 | $13,200.00 |
| A.G. | HCC | 6/1/2021 | 2021-2022 | $7,186.00 |

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|---|---|---|---|---|
| A.L. | LSC | 6/3/2018 | 2018-2019 | $6,274.00 |
| | BC | 6/19/2019 | 2019-2020 | $6,153.00 |
| | BC | 5/24/2020 | 2020-2021 | $7,130.00 |
| C.F. | LSC | 8/26/2019 | 2019-2020 | $13,372.00 |
| | LSC | 5/24/2020 | 2020-2021 | $6,336.00 |
| C.R. | TCCD | 6/19/2019 | 2019-2020 | $4,001.00 |
| | BC | 6/19/2019 | 2019-2020 | $7,073.00 |
| | BC | 5/24/2020 | 2020-2021 | $6,337.00 |
| | ACC | 6/6/2021 | 2021-2022 | $8,311.00 |
| D.J. | LSC | 8/23/2019 | 2019-2020 | $13,372.00 |
| | LSC | 5/24/2020 | 2020-2021 | $6,337.00 |
| | ACC | 6/6/2021 | 2021-2022 | $812.00 |
| D.L. | HCC | 7/2/2017 | 2017-2018 | $14,680.00 |
| | BC | 5/24/2020 | 2020-2021 | $7,130.00 |
| E.W. | LSC | 6/19/2019 | 2019-2020 | $1,549.00 |
| J.B. | LSC | 11/29/2020 | 2020-2021 | $9,500.00 |
| J.J. | LSC | 11/29/2020 | 2020-2021 | $11,087.00 |

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|---|---|---|---|---|
|  | ACC | 6/1/2021 | 2021-2022 | $8,311.00 |
| J.T. | HCC | 7/1/2017 | 2017-2018 | $13,940.00 |
| J.W. | LSC | 6/19/2019 | 2019-2020 | $14,921.00 |
|  | LSC | 7/14/2020 | 2020-2021 | $6,337.00 |
| K.L. | TSU | 6/24/2018 | 2018-2019 | $10,689.00 |
|  | LC | 6/19/2019 | 2019-2020 | $6,299.00 |
|  | BC | 5/24/2020 | 2020-2021 | $7,130.00 |
|  | LC | 6/3/2021 | 2021-2022 | $5,921.00 |
| K.M. | BC | 10/8/2019 | 2019-2020 | $7,874.00 |
|  | BC | 5/24/2020 | 2020-2021 | $7,130.00 |
| L.A. | LSC | 6/19/2019 | 2019-2020 | $14,146.00 |
|  | LSC | 5/24/2020 | 2020-2021 | $6,337.00 |
| L.L. | BC | 8/23/2019 | 2019-2020 | $6,409.00 |
|  | BC | 5/24/2020 | 2020-2021 | $6,337.00 |
| L.S. | LSC | 8/21/2019 | 2019-2020 | $11,049.00 |
|  | LSC | 7/21/2020 | 2020-2021 | $7,130.00 |

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|------|--------|---------------|--------------------|-----------------|
| M.S. | BC | 12/22/2019 | 2019-2020 | $10,626.00 |
| | BC | 5/24/2020 | 2020-2021 | $6,337.00 |
| | HCC | 6/1/2021 | 2021-2022 | $6,374.00 |
| N.W. | HCC | 7/1/2017 | 2017-2018 | $13,940.00 |
| | LC | 5/24/2020 | 2020-2021 | $10,098.00 |
| R.D. | HCC | 12/19/2018 | 2018-2019 | $1,524.00 |
| | LSC | 6/19/2019 | 2019-2020 | $14,921.00 |
| | LSC | 5/24/2020 | 2020-2021 | $6,337.00 |
| R.F. | TCCD | 8/29/2018 | 2018-2019 | $7,376.00 |
| | TCCD | 7/22/2020 | 2020-2021 | $15,052.00 |
| | TCCD | 5/24/2021 | 2021-2022 | $14,372.00 |
| R.K. | HCC | 11/29/2020 | 2021-2022 | $14,372.00 |
| S.D. | LSC | 6/19/2020 | 2020-2021 | $7,130.00 |
| | ACC | 6/1/2021 | 2021-2022 | $7,918.00 |
| S.R. | BC | 5/24/2020 | 2020-2021 | $6,337.00 |
| | HCC | 6/1/2021 | 2021-2022 | $7,186.00 |

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|---|---|---|---|---|
| S.T. | HCC | 6/1/2021 | 2021-2022 | $1,624.00 |
| T.D. | TSU | 7/1/2017 | 2017-2018 | $12,021.44 |
| | HCC | 7/1/2017 | 2017-2018 | $2,220.00 |
| | BC | 5/24/2020 | 2020-2021 | $6,337.00 |
| | ACC | 6/6/2021 | 2021-2022 | $7,499.00 |
| T.T. | HCC | 7/1/2017 | 2017-2018 | $13,200.00 |
| | HCC | 6/10/2018 | 2018-2019 | $6,274.00 |
| TN.T. | ACC | 6/1/2021 | 2021-2022 | $8,311.00 |
| TR.T. | HCC | 6/14/2017 | 2017-2018 | $7,710.00 |
| | LSC | 6/10/2018 | 2018-2019 | $7,036.00 |
| X.W. | HCC | 7/1/2017 | 2017-2018 | $13,940.00 |
| | LC | 6/19/2019 | 2019-2020 | $6,299.00 |
| | LC | 5/24/2020 | 2020-2021 | $7,923.00 |
| Z.Q. | LSC | 8/26/2019 | 2019-2020 | $13,372.00 |
| | LSC | 5/24/2020 | 2020-2021 | $6,337.00 |

| NAME | SCHOOL | DATE OF FAFSA | YEAR AID DISBURSED | TOTAL DISBURSED |
|---|---|---|---|---|
|  | HCC | 6/6/2021 | 2021-2022 | $12,748.00 |

28.    As a result of the false FSAIDs, FAFSAs, and MPNs he submitted, **FINNIH** caused the schools to offer a total of approximately $595,543.44 of FSA funds in the names of approximately 32 different individuals from approximately 2017 to present. **FINNIH** utilized these FSA funds for his own personal benefit and not for education expenses as required by the USDE.

## B.    The offense:

From approximately 2017, and continuing through present, in the Southern District of Texas, and elsewhere, the defendant, **EMMANUEL FINNIH**, did willfully and knowingly steal, purloin, and convert to his own use, money in excess of $1,000 belonging to the United States Department of Education, an agency of the United States; namely, federal student financial aid funds which he was not entitled to receive.

In violation of Title 18, United States Code, Sections 641 and 2.

## Count 2
### (18 U.S.C. 1028A – Aggravated Identity Theft and
### 18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as though fully set forth herein.

**B.    The offense:**

On or about June 19, 2019, in the Southern District of Texas and elsewhere, the defendant, **EMMANUEL FINNIH**, aiding and abetting others both known and unknown to the grand jury and being aided and abetted by others both known and unknown to the grand jury, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person during and in relation to the offense of Theft of Government Funds contained in Count 1 of this Indictment, that is, he knowingly used the name, social security number, and date of birth of C.R., an actual person known to the grand jury, during and in relation to committing the offense of Theft of Government Funds in violation of Title 18, United States Code, Section 641, knowing that the means of identification belonged to another actual person identified as C.R.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2.

## Count 3
(18 U.S.C. 1028A – Aggravated Identity Theft and
18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as though fully set forth herein.

**B.    The offense:**

On or about June 19, 2019, in the Southern District of Texas and elsewhere, the defendant, **EMMANUEL FINNIH**, aiding and abetting others both known and unknown to the grand jury and being aided and abetted by others both known and unknown to the grand jury, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person during and in relation to the offense of Theft of Government Funds contained in Count 1 of this Indictment, that is, he knowingly used the name, social security number, and date of birth of J.T., an actual person known to the grand jury, during and in relation to committing the offense of Theft of Government Funds in violation of Title 18, United States Code, Section 641, knowing that

the means of identification belonged to another actual person identified as J.T.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2.

### Count 4
(18 U.S.C. 1028A – Aggravated Identity Theft and
18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as though fully set forth herein.

**B.    The offense:**

On or about May 24, 2020, in the Southern District of Texas and elsewhere, the defendant, **EMMANUEL FINNIH**, aiding and abetting others both known and unknown to the grand jury and being aided and abetted by others both known and unknown to the grand jury, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person during and in relation to the offense of Theft of Government Funds contained in Count 1 of this Indictment, that is, he knowingly used the name, social security number, and date of birth of C.R., an actual person known to the grand jury,

during and in relation to committing the offense of Theft of Government

Funds in violation of Title 18, United States Code, Section 641, knowing

that the means of identification belonged to another actual person

identified as C.R.

In violation of Title 18, United States Code, Sections 1028A(a)(1),

(c)(1) and 2.

## Count 5
### (18 U.S.C. 1028A – Aggravated Identity Theft and
### 18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as

though fully set forth herein.

**B.    The offense:**

On or about June 6, 2021, in the Southern District of Texas and

elsewhere, the defendant, **EMMANUEL FINNIH**, aiding and abetting

others both known and unknown to the grand jury and being aided and

abetted by others both known and unknown to the grand jury, did

knowingly transfer, possess, and use, without lawful authority, the

means of identification of another person during and in relation to the

offense of Theft of Government Funds contained in Count 1 of this

Indictment, that is, he knowingly used the name, social security number, and date of birth of C.R., an actual person known to the grand jury, during and in relation to committing the offense of Theft of Government Funds in violation of Title 18, United States Code, Section 641, knowing that the means of identification belonged to another actual person identified as C.R.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2.

## Count 6
### (20 U.S.C. 1097(a) – Student Financial Aid Fraud and 18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as though fully set forth herein.

**B.    The offense:**

Beginning in or about 2017, and continuing thereafter until the present, in the Southern District of Texas, and elsewhere, the defendant **EMMANUEL FINNIH**, aiding and abetting others both known and unknown to the grand jury and being aided and abetted by others both known and unknown to the grand jury, knowingly and willfully did

attempt to and did embezzle, misapply, steal, obtain by fraud, false statement, and forgery, and fail to refund any funds, assets, and property under subchapter IV of Chapter 28 of the United States Code Title 20, of a value in excess of $200, that is, the defendant **EMMANUEL FINNIH**, falsified documents and fraudulently obtained federal student aid that was diverted to **FINNIH**, which totaled approximately $595,543.44.

In violation of Title 20, United States Code, Section 1097(a) and Title 18, United States Code, Section 2.

### Count 7
(18 U.S.C. 1028(a)(3) – Unlawful Use or Transfer of Identification Documents and 18 U.S.C. 2 – Aiding and Abetting)

**A.    At all material times:**

The allegations of Paragraph A of Count 1 are incorporated as though fully set forth herein.

**B.    The offense:**

On or about the dates reflected below, in the Southern District of Texas, the defendant, **EMMANUEL FINNIH**, did knowingly possess with intent to use unlawfully, or to transfer unlawfully, five or more identification documents (other than those issued lawfully for the use of the defendant) and/or false identification documents, to wit: four (4) false

Texas Department of Public Safety (DPS) Temporary Drivers Permits, and one (1) false Texas Identification card.

| Date | Type of False Identification Document | Victim | Institution Submitted To |
|------|----------------------------------------|--------|--------------------------|
| 1/30/2018 | Texas DPS Temporary Permit | T.D. | JPMorgan Chase Bank |
| 1/10/2019 | Texas DPS Temporary Permit | L.A. | HCC |
| 1/10/2019 | Texas DPS Temporary Permit | R.D. | HCC |
| 1/11/2019 | Texas DPS Temporary Permit | J.W. | HCC |
| 8/14/2019 | Texas Identification Card | N.W. | WCJC |

In violation of Title 18, United States Code, Sections 1028(a)(3) and 2.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Sections 2461(c), the United States of America gives notice to the defendant,

**EMMANUEL FINNIH**,

that, in the event of conviction of a violation of Title 18, United States Code, Sections 641 and 2 as charged in Count One of the Indictment, the United States of America shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. §§982(a)(2)(B), 982(a)(6), and 1028(b)(5))

Pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(a)(6) and 1028(b)(5), the United States of America gives notice to the defendant,

**EMMANUEL FINNIH**,

that, in the event of conviction of a violation of Title 18, United States Code, Sections 1028(a)(3) and 2 as charged in Count Seven of the Indictment, the United States of America shall forfeit:

a)    any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

b)    any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

## MONEY JUDGMENT/SUBSTITUTE ASSETS

In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture. The United States may seek the imposition of a money judgment.

A True Bill:

Original Signature on File
_____
Foreperson of the Grand Jury

Jennifer B. Lowery
United States Attorney

*Charles J. Escher*
_____
Charles J. Escher
Assistant U.S. Attorney

*Shirin Hakimzadeh*
_____
Shirin Hakimzadeh
Assistant U.S. Attorney